The FIVE PLATTERS, INC., a
corporation, Plaintiff,

v.

Sterling Tommy COOK a/k/a Thomas
Cook, a/k/a Tommy Cook, et al.,
Defendants.

UNITED STATES of America to the use
of the Five Platters, Inc., a
corporation, Plaintiff,

v.

Sterling Tommy COOK, Defendant.

Civ. A. No. 78–275, Crim. A. No. 79–217.

United States District Court,
W. D. Pennsylvania.

June 5, 1980.

Anton W. Bigman, Pittsburgh, Pa., for
plaintiff Five Platters.

George E. Schumacher, Federal Public
Defender, Pittsburgh, Pa., for defendant
Cook.

## OPINION

WEBER, Chief Judge.

The Five Platters, Inc. (hereinafter the Platters) owns the service mark "The Platters". The above-captioned case is, apparently, one of a number of law suits which have been instituted to protect this service mark. *See e.g. Five Platters, Inc. v. Purdie*, 419 F.Supp. 372 (D.Md.1976).

In March 1978, defendant Cook was scheduled to perform at a certain night club in Pennsylvania; at that time he was billed as "Tommy Cook and the Sounds of the Platters" and "The Platters". Thereafter, the Platters initiated a civil action in this District at No. 78–275, alleging infringement of their trademark because defendant Cook was never associated with the Platters. On April 4, 1979, a consent judgment was entered against defendant Cook which included the following injunction:

"COOK . . . and their agents, employees, representatives, successors, assigns and all others acting in concert with any of them or with knowledge of this Order, are hereby permanently enjoined throughout the United States and all countries foreign to the United States from the following:

(i) Using or causing to be used the word PLATTERS or the words THE PLATTERS, in any media and in any manner or form or combination with other words, or any colorable imitation thereof including but not limited to: 'Tommy Cook and the Sounds(s) of The Platters' to identify entertainment services of a musical, vocal or comedy nature; and

(ii) Offering entertainment services to any other person, group, partnership or corporation which without written authorization from The Five Platters, Inc. (plaintiff) uses the word PLATTERS or any colorable imitation thereof or in combination with other words to identify entertainment services of a musical, vocal or comedy nature."

Subsequently, in November 1979, defendant Cook performed at two night clubs in

Michigan and again used the service mark "The Platters". Therefore, the Platters brought a contempt action for these repeated violations of the April 4, 1979 injunction. At the request of plaintiff, and without objection from defendant, the Court considered this matter as one for criminal contempt pursuant to 18 U.S.C. § 401. Defendant Cook ultimately entered a plea of guilty to such criminal contempt and, on December 10, 1979, the Court sentenced Cook to 6 months imprisonment. The sentence of imprisonment was suspended on the condition that defendant Cook comply with the April 4, 1979 injunction which prohibited him from using the service mark "The Platters" in any manner.

On March 8, 1980, defendant Cook performed at a night club in New Jersey and allegedly used the service mark "The Platters". The matter came before the Court on a rule to show cause why the suspension of the 6 months sentence imposed on defendant Cook on December 10, 1979 should not be lifted. At the hearing on March 14, 1980, the credited testimony established that (1) defendant Cook had performed pursuant to a contract which called for the performance of "Tommy Cook and the Sounds of the Platters"; (2) that the night club had advertised the show as "Tommy Cook and the Platters"; (3) that publicity pictures of defendant Cook supplied by the booking agent were captioned "Tommy Cook and the Platters"; and (4) that the tickets for the performance were imprinted with the words "The Platters". Moreover, there is evidence that two of the checks issued by the night club for defendant Cook's performance included notations that the checks were for "The Platters" show. Therefore, although there was some evidence that the night club removed all advertising referring to "The Platters" shortly before the performance and that defendant Cook did not refer to "The Platters" while on stage, the record supports a conclusion that defendant Cook appeared at the night club under circumstances which violated the April 4, 1979 injunctive order. That order clearly prohibited Cook from using the service mark "The Platters"; yet the evidence is undisputed that defendant Cook performed on March 8, 1980 and benefited from an improper use of the service mark "The Platters". The Court finds that defendant Cook violated the April 4, 1979 injunctive order and thereby the conditions of his suspended sentence imposed on December 10, 1979.

Findings of Fact and Conclusions of Law are incorporated in the above Opinion as provided in Fed.R.Crim.P. 23(c).

An appropriate order shall issue.